UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MICHAEL LARSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:12-CV-109 |
| | ) | (PHILLIPS/SHIRLEY) |
| V. | ) | |
| | ) | |
| RUSH FITNESS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 19] referring Plaintiff's Motion for Leave to Amend Complaint and for Expedited Ruling [Doc. 16] to the undersigned for disposition.

Plaintiff filed the original Complaint in this matter on March 8, 2012. [Doc. 1]. At a hearing held before the undersigned on August 7, 2012, counsel for the Plaintiff requested leave to file an amended complaint, and the undersigned advised that any such request should be addressed through motion practice. Now before the Plaintiff's Motion to Amend, in which he moves the Court for leave to file an Amended Complaint. [Doc. 16].

In support of this request, the Plaintiff argues that his original Complaint put the Defendant on notice of his allegations, but an amendment is necessary to clarify the Plaintiff's allegations of violations of the Fair Labor Standards Act. [Doc. 17 at 2]. The Plaintiff submits that this litigation is at an early stage – no discovery or initial disclosures have been exchanged and a trial has not been set – and therefore, the Defendant will not be prejudiced by the amendment. [Id.].

The Defendant has responded in opposition to the Motion to Amend. [Doc. 21]. The Defendant argues that the Plaintiff's request for leave to amend is made in bad faith. The Defendant submits that there is evidence in the record undermining the factual allegations that the Plaintiff seeks to add. [Doc. 21 at 4]. Specifically, the Defendant cites the Court to affidavits from current employees of the Defendant filed by the Defendant, which the Defendant argues demonstrate that the Plaintiff's allegations are untrue. [Doc. 21 at 5-7].

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 instructs, "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court of the United States has explained this statutory instruction by stating, "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962).

In this case, the Defendant has not demonstrated that the Plaintiff acted in bad faith. Bad faith generally involves willful failure to perform, evasive actions, lack of diligence, etc. The Defendant has not shown such dilatory or willful conduct here. The Defendant's arguments that the Plaintiff cannot succeed in this case are better addressed through a dispositive motion. Applying the standard articulated in Rule 15 to the facts of this case, the Court finds that the Plaintiff should be afforded leave to file his amended complaint.

Based on the foregoing, the Motion to Amend Complaint **[Doc. 16]** is **GRANTED**. The Plaintiff shall file his Amended Complaint in the record on or before **October 1, 2012**, and the Defendant will have up to and including **October 22, 2012**, to file its responsive pleading or motion.

    **IT IS SO ORDERED.**

    ENTER:

    <u>s/ C. Clifford Shirley, Jr.</u>
    United States Magistrate Judge